■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MARTIN, Also Known as ROBERT PARKER, Appellant. [605 NYS2d 844] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered on November 12, 1991, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.

■ SHOPWELL, INC., Respondent, v HARTZ MOUNTAIN INDUSTRIES, INC., et al., Appellants. [605 NYS2d 844] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about May 11, 1993, inter alia, denying defendants Kane Carpet Company and Hertz Mountain Industries' motion and cross-motion, respectively, to dismiss plaintiff's complaint for failure to prosecute pursuant to CPLR 3216 (b) (3) on the condition plaintiff serve and file note of issue within 20 days of date of entry, unanimously affirmed, without costs.

Plaintiff established that its failure to comply with the 90-day notice demand was attributable to law office failure, more particularly, the failure of a receptionist to advise counsel of the receipt of the 90-day notice. In the absence of any demonstrable prejudice to defendants, such noncompliance was excusable (CPLR 2005). Further, plaintiff has demonstrated the existence of a meritorious cause of action. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.