**Diana ROMANELLO, Plaintiff–Appellant,**

v.

**SHISEIDO COSMETICS AMERICA, LTD, and Beauté Prestige International, Defendant–Appellees.**

No. 02–9212.

United States Court of Appeals, Second Circuit.

July 23, 2003.

Daniel J. Kaiser, Kaiser Saurborn & Mair, P.C, New York, NY, for Plaintiff–Appellant.

Vincent R. Fontana, L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY, for Defendant–Appellees.

Present: VAN GRAAFEILAND, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

This is a suit brought under the New York Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law, N.Y.C. Admin. Code, §§ 8–107, 8–502. The case is before us on diversity jurisdiction. With respect to the legal issues relevant to this appeal, the two New York human rights laws mirror federal

anti-discrimination statutes. *Sogg v. American Airlines, Inc.,* 193 A.D.2d 153, 603 N.Y.S.2d 21, 23 (1993).

Finding that no prima facie case of discrimination had been made, the district court granted summary judgment for the defendants. For purposes of this order, we will assume arguendo that the plaintiff made out a prima facie case.[1] It is undisputed that on August 28, 2000, after the plaintiff had suffered a seizure and had exhausted all the ordinary paid leaves of absence provided under company policy, she sought an additional two-month leave of absence. It is also uncontroverted that on August 30, she was sent a letter which stated, in relevant part:

> "Assuming you provide us with the appropriate documentation, the company will place you on a leave of absence until you are able to return to work. While you are on a leave, you will not receive a salary but you may be eligible for short-term disability benefits, which will be determined by our insurance carrier. With respect to medical benefits, the company will continue your health insurance benefits for as long as you remain on a leave of absence.
>
> Due to business needs, the company will be required to fill your position. When you are able to return to work, please contact us and we will consider you for any available positions for which you are qualified."

The record shows that the plaintiff did not object to this letter and that she continued, at least for some time, to receive company health benefits. There is also no dispute that, at the end of the two-month period, plaintiff failed to return or to ask for reinstatement in the same job or in an equivalent one. At that point, she was terminated.

Under the circumstances, and despite some allegedly contradictory statements by company employees, the plaintiff has not made out a case on the basis of which a jury could find, more probably than not, that she was terminated on account of her disability. *James v. New York Racing Ass'n,* 233 F.3d 149, 155–56 (2d Cir.2000).

We have considered the plaintiff's other arguments and find them to be without merit. The judgment below is, therefore, AFFIRMED.

---

1. We are, of course, permitted to affirm the judgment of the district court on any ground appearing in the record. *Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 63 (2d Cir. 1997).